Larry NISSINOFF, Plaintiff-Appellee,

v.

D. Lowell JENSEN et al.,
Defendants-Appellants.

No. 26012.

United States Court of Appeals,
Ninth Circuit.

Sept. 29, 1971.

Mark B. Shragge, Deputy City Atty. (appeared), Martin M. Nakahara, Deputy City Atty. (appeared), Edward A. Goggin, Oakland City Atty., D. Lowell Jensen, Dist. Atty., William M. Baldwin, Deputy Dist. Atty., Oakland, Cal., for defendants-appellants.

George T. Davis, San Francisco, Cal., for plaintiff-appellee.

Before MADDEN, Judge of the United States Court of Claims, and MERRILL and WRIGHT, Circuit Judges.

PER CURIAM:

The District Court in this case ordered the return to appellee of certain motion picture films seized for use in a criminal trial without a prior adversary hearing on the issue of the alleged obscenity of the films, granted an injunction against such seizures in the future, and enjoined the use of films seized in this manner in any pending or contemplated criminal prosecution. The specific conclusions of the District Court that such seizures without a prior adversary hearing were constitutionally invalid and that the films must be returned are in accord with the subsequent decision of this court in Demich, Inc. v. Ferdon, 426 F.2d 643 (9th Cir. 1970).

The Supreme Court has since remanded Demich to us for reconsideration in light of its decision in Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971). Ferdon v. Demich, Inc., 401 U.S. 990, 91 S.Ct. 1223, 28 L.Ed.2d 528 (1971). We, in turn, remanded Demich to the District Court feeling it appropriate under the circumstances that that court should be allowed the opportunity for reconsideration in the first instance. Demich, Inc. v. Ferdon, 443 F.2d 1359 (9th Cir. 1971).

In our judgment the same course should be followed here.

Remanded.